**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| **MYRA MORGAN,** | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|       vs. | )   CAUSE NO. 1:11-cv-324-WTL-DKL |
| | ) |
| **TRILOGY HEALTH SERVICES, LLC,** | ) |
| | ) |
|    Defendant. | ) |

### ENTRY ON MOTION TO DISMISS

This cause is before the Court on the motion of Defendant Trilogy Health Services, LLC, ("Trilogy") to dismiss for lack of subject matter jurisdiction. The motion is fully briefed and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below.

In her complaint, Plaintiff Myra Morgan asserts a single claim for wrongful termination under Indiana law. The complaint alleges that this Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332 based upon diversity of citizenship. However, as Trilogy points out in the instant motion, Morgan has failed to allege her own citizenship; rather, she alleges only that "[a]t all times relevant to this litigation," she "resided within the geographical boundaries of the Southern District of Indiana." *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir.2002) ("[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction."). In addition, with regard to Trilogy, the Complaint alleges that it "is a for-profit foreign corporation incorporated in the State of Kentucky which conducts business" in Indiana. However, Trilogy is actually a limited liability company, and as such its citizenship is determined by examining the citizenship of each of its members, *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007), information that is not contained in the

Complaint.[1]

Obviously the jurisdictional allegations in the Complaint are wholly inadequate. In the instant motion and accompanying affidavit, Trilogy establishes that it is a citizen of Indiana, something that Morgan does not dispute in her response. Morgan also does not dispute that in addition to being a resident of Indiana she is also an Indiana citizen. Accordingly, there is no diversity of citizenship in this case, and this Court lacks subject matter jurisdiction over it.

Trilogy also notes that it may not be the proper defendant in this case because Morgan was employed by another entity, Care One Homecare Services, LLC ("Care One"). However, Trilogy has established that Care One also is a citizen of Indiana, so jurisdiction would be lacking even if Care One were substituted as the defendant. Morgan asks the Court to "schedule this matter for an evidentiary hearing in order to specifically determine who the proper party-defendant should be so that the Plaintiff may move forward with properly amending her complaint." In her surreply, Morgan explains that she plans to amend her complaint to add federal claims, but before she does so she believes that Trilogy should be required to stipulate that Care One was Morgan's employer[2] or, alternatively, that the Court should hold an evidentiary hearing on the issue. But Trilogy has established that this Court lacks subject matter jurisdiction over this case, and therefore it would not be appropriate for this Court to hold such a hearing,[3] and in any case it

---

[1] Even if Trilogy were a corporation the allegations regarding its citizenship would have been inadequate, inasmuch as Morgan fails to allege Trilogy's principal place of business.

[2] It is not entirely clear how such a stipulation would help Morgan, as it is unlikely that Care One would be bound by Trilogy's stipulation. Further, it is Morgan's burden to prove that whatever defendant she names was her employer; it is not Trilogy's burden to prove that it was not Morgan's employer.

[3] The Court could, of course, hold a hearing if there were a genuine factual dispute over the citizenship of the parties, but that is not the case and that is not the issue Morgan wants the Court to address in a hearing.

generally is not the Court's role to assist a plaintiff in determining whom she should sue.

Morgan has filed a complaint over which this Court does not have subject matter jurisdiction. Accordingly, this case must be, and is, **DISMISSED** without prejudice.

SO ORDERED: 06/06/2011

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification